**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

ERIC OSTERGREN,
    Plaintiff,

v.

HEATHER S. FRICK, in her official and personal capacities,
    Defendant
_____ /

Case No.: 19-cv-139
Honorable _____

**COMPLAINT
JURY DEMANDED**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiff Ostergren
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

_____

## COMPLAINT

    NOW COMES Plaintiff ERIC OSTERGREN, by and through counsel, and complains as follows:

### PARTIES

    1.    Plaintiff ERIC OSTERGREN is a resident of the State of Michigan.

    2.    Defendant HEATHER S. FRICK is a state official who has been sued in both her personal and official capacities.

### JURISDICTION

    3.    This Honorable Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 as this case involves federal questions and federal civil rights under the United States Constitution and 42 U.S.C. § 1983.

1

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as it is believed, on information and belief, that Defendant HEATHER S. FRICK both resides and does business in Ingham County.

## GENERAL ALLEGATIONS

5. Plaintiff ERIC OSTERGREN owns a secondary home and property in Gerrish Township, Michigan, and has been quite active in the governance of this township containing his property near beautiful Higgins Lake.

6. It came to the attention of Plaintiff ERIC OSTERGREN that a local Gerrish Township assessor was improperly and perhaps unlawfully assessing properties in a manner contrary to Michigan law.

7. Plaintiff ERIC OSTERGREN raised these issues publicly but was often times ignored because he himself was not a licensed assessor.

8. As a result, Plaintiff ERIC OSTERGREN decided to become a licensed assessor or as it is formally known, a Michigan Certified Assessing Officer (MCAO).

9. The Michigan State Tax Commission, for which Defendant HEATHER S. FRICK is its Executive Director, is statutorily responsible to educate and certify assessing officers, see MCL 211.10d.

10. Assessors serve as public officials for cities, townships, counties and have the primary duty is to help establish the assessment values of land and properties for state taxing purposes.

11. The assessed values of properties are a major factor in determining property owners' annual real property tax.

12. To become a Michigan Certified Assessing Officer (MCAO), an applicant may either take in-persons classes or undertake that MCAO Self-Study Program.

13. The MCAO Self-Study Program includes assessing material related to nine major areas of study, which are 1.) real and personal property appraisal concepts (cost and sales); 2.) land value determinations; 3.) legal descriptions and tax maps; 4.) the assessors manual – including use of county multipliers (including field work); 5.) development of economic

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

condition factors; 6.) sales studies and the equalization process; 7.) income approach; 8.) exemptions and transfer of ownership; and 9.) property tax administration.

14.   To participate in the MCAO Self-Study Program, an application must be completed and submitted to the Michigan State Tax Commission, along with the required payment, see **Exhibit C**.

15.   As relevant for this case, the application requires a signed non-disclosure agreement, see **Exhibit C**.

16.   The required payment is $200.00 for the self-study materials and a $50.00 exam fee, see **Exhibit C**.

17.   The MCAO comprehensive exam is a one-part, 250 multiple choice exam offered over four hours consisting of 25 questions for each the following topic areas: appraisal concepts (cost and sales); land value determinations legal descriptions and tax maps the assessors manual, plus completion of a residential record card development of ECF's sales studies and the equalization process income approach exemptions and transfer of ownership property tax administration.

18.   The purpose of the MCAO Self-Study Program is to learn the legal and common practices of tax assessing so that upon passing the examination, a person can be duly licensed to correctly and properly apply Michigan's complex property tax assessing law on the property owners and taxpayers of Michigan.

19.   In addition to all these requirements, the State Tax Commission also mandates, without option, that an applicant sign a Non-Disclosure Agreement ("NDA") by which an individual is restrained, by state action, from discussing, sharing, and/or highlighting the manner by which Michigan's complex property tax assessing law is to be applied.

20.   The NDA is not optional and is a mandatory condition imposed by the Michigan Tax Commission to apply for and/or complete the MCAO Self-Study Program.

21.   The failure to undertake the MCAO Self-Study Program prevents individuals like Plaintiff ERIC OSTERGREN from undertaking the licensing requirements to become a Michigan Certified Assessing Officer.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

22. Failure to be a Michigan Certified Assessing Officer precludes a person from serving as in the role of an assessor in Michigan.

23. Plaintiff ERIC OSTERGREN signed up for and participated in the MCAO Self-Study Program and signed the proposed NDA.

24. A copy of the signed NDA is attached as **Exhibit E**.

25. After completing the MCAO Self-Study Program and taking the 250-question exam, Plaintiff ERIC OSTERGREN passed and was issued MCAO license.

26. After completing the MCAO Self-Study Program and becoming fully and duly licensed, Plaintiff ERIC OSTERGREN continued to believe that Gerrish Township Assessor Karleen Helmreic was violating the legal standards and requirements expected of duly licensed MCAOs and is imposing higher than authorized assessments thereby imposing wrongful and higher property taxes on Gerrish Township residents in contravention of state law.

27. Plaintiff ERIC OSTERGREN wanted the Gerrish Township officials to understand how the local assessor was improperly re-assessing properties.

28. Plaintiff ERIC OSTERGREN reported these concerns to Gerrish Township officials and the concerns were flatly ignored.

29. To be clear, Plaintiff ERIC OSTERGREN is not an employee, agent, or official with Gerrish Township.

30. In addition, Plaintiff ERIC OSTERGREN also published that material on-line to his group of online followers so the taxpayers in Gerrish Township would know how this local government, of which Plaintiff ERIC OSTERGREN is himself a property owner and taxpayer, was improperly re-assessing properties.

31. The statements made both to the Gerrish Township officials and the public via online social media were of a public concern, namely the lawfulness of assessments and related taxes.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

32. As part of that online posting, Plaintiff ERIC OSTERGREN included a portion of the MCAO Self-Study Program material pertaining to re-assessing.

33. In April 2018, Plaintiff ERIC OSTERGREN filed a well-documented administrative complaint with the Michigan State Tax Commission regarding the improper calculation of ECF's throughout Gerrish Township, see **Exhibit E**.

34. Thereafter, Defendant HEATHER S. FRICK responded denying the administrative complaint in full.

35. Further notice of the administrative complaint was provided to Edward Koryzon, Jr. of the Michigan Department of Treasury, which resulted in no corrective actions as to the assessments of Gerrish Township.

36. On January 15, 2019, Defendant HEATHER S. FRICK sent a letter to Plaintiff ERIC OSTERGREN stating—

> *The State Tax Commission has received information regarding conduct that may warrant disciplinary action against your assessor certification up to and including suspension or revocation of your certificate. Specifically, you sent an email to the Supervisor of Gerrish Township and other Gerrish Township Officials on October 10, 2018 that included portions of the Michigan Certified Assessing Officer Self-Study Program materials. As stated in the signed Non-Disclosure Agreement "The Candidate acknowledges and agrees his/her assessing certification may be jeopardized and/or revoked by the STC if this NDA is violated in any manner."*
>
> *\*\*\**
>
> *In light of the violation of the NDA, staff has recommended that you proceed to an informal hearing before the Assessor Discipline Advisory Committee (ADAC) in accordance with the process set out in the State Tax Commission Complaint Process Regarding Assessment Administration Practices. The informal hearing has been scheduled on February 21, 2019 at 11:15 a.m. EST. The informal hearing will be held at 430 W. Allegan Street, Lansing, in the Richard Austin Building. Should you wish to provide a written response to these allegations for the ADAC to*

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

5

> *consider, your response must be received in my office by 5:00p.m. on February 14, 2019. Please be advised that this is an informal hearing. The ADAC will meet with you and allow you and/or your counsel, if represented, to address the specific allegations outlined above. The ADAC may also review additional information or ask questions. The ADAC will weigh the information presented to them and will make a recommendation to the State Tax Commission if any further action against your assessor certification is warranted.*

37. A fair and accurate copy of the January 15, 2019 letter is attached as **Exhibit F**.

38. Plaintiff ERIC OSTERGREN sought counsel and attended the above-described "informal" hearing which was chaired and presided over by Defendant HEATHER S. FRICK.

39. A presentation was made by counsel for Plaintiff ERIC OSTERGREN at the informal hearing that the NDA, as applied to the MCAO Self-Study Program materials (but excluding any issue as to possible exam questions), was and is unconstitutional.

40. Defendant HEATHER S. FRICK was dismissive of the constitutional concerns.

41. Defendant HEATHER S. FRICK is a duly-licensed Michigan attorney, and knows (or should know) her highest duty as a public official is to obey and defend the protections provided by the US Constitution.

## COUNT I
## FIRST AMENDMENT VIOLATION
## 42 U.S.C. § 1983
## (AGAINST DEFENDANT FRICK IN BOTH CAPACITIES)

42. The prior paragraphs are restated word for word herein.

43. The Constitution restricts state government from curbing an individual's right to free speech.

44. None of the MCAO Self-Study Program material is national security sensitive (i.e. classified), protected by a secrecy statute, or subject to intellectual property protection laws.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

45. On information and belief, the Michigan Certified Assessing Officer Self-Study Program materials are already part of the public domain and is not confidential.

46. The NDA, as involving the Michigan Certified Assessing Officer Self-Study Program materials (but excluding any issue as to examination questions), is a form of prior restraint and is unenforceable as a direct and clear violation of the First Amendment to the United States Constitution.

47. The actions of Defendant HEATHER S. FRICK, in both her individual and official capacities, in enforcing and continued enforcement of the NDA is a violation of the First Amendment to the United States Constitution.

48. Defendant HEATHER S. FRICK is a person, as that term is used pursuant to 42 U.S.C. § 1983, acting under the color law who has subjected or caused to be subjected Plaintiff ERIC OSTERGREN to the deprivation of rights, privileges, or immunities secured by the First and Fourteenth Amendments of the United States Constitution.

49. Requiring the execution of the NDA as a condition of undertaking the steps to become a licensed MCAO is a formally adopted/enacted policy and/or customary practice of the Michigan State Tax Commission.

50. Plaintiff ERIC OSTERGREN has been impaired in his ability to speak to and serve the public by being chilled in his speech involving the topics and information contained in the MCAO Self-Study Program materials due to the improper enforcement of the NDA and for improper legal discipline and/or challenges to the continued existence of Plaintiff ERIC OSTERGREN's MCAO license.

51. The actions of Defendant HEATHER S. FRICK were purposely and expressly designed to intentionally or wantonly cause chill, harm, and injury to Plaintiff ERIC OSTERGREN due to the utter and complete disregard of the constitutionally-protected rights of Plaintiff ERIC OSTERGREN.

52. Said actions violate the First Amendment to the United States Constitution, and is remedied inter alia by money judgment against Defendant HEATHER S. FRICK, in her personal capacity, and a prospective injunction against Defendant HEATHER S. FRICK, in her official and personal capacities, pursuant to 42 U.S.C. §§ 1983 and 1988.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## COUNT II
## UNCONSTITUTIONAL CONDITIONS DOCTRINE (DUE PROCESS)
## 42 U.S.C. § 1983

53. The prior paragraphs are restated word for word herein.

54. Under federal law, a government may not condition a benefit or an obligation to obtain lawful compliance by the surrender of constitutional right(s) as a condition of obtaining the government's favor or a benefit thereof.

55. By conditioning the terms of obtaining a MCAO license upon the condition of imposing prior restraint, Defendant HEATHER S. FRICK, in her official capacity, is violating and has violated the due process rights of Plaintiff ERIC OSTERGREN under the doctrine of unconstitutional conditions.

56. Defendant HEATHER S. FRICK, in her official capacity, is misusing governmental licensing power to cause the forced waiver of constitutional right(s) in violation of due process.

57. Said actions violate the Fourteenth Amendment to the United States Constitution, and is remedied inter alia by money judgment against Defendant HEATHER S. FRICK, in her personal capacity, and a prospective injunction against Defendant HEATHER S. FRICK, in her official and personal capacities, pursuant to 42 U.S.C. §§ 1983 and 1988.

### RELIEF REQUESTED

58. WHEREFORE, Plaintiff ERIC OSTERGREN respectfully requests this Court to—

   a. Enter an order, pursuant to the Declaratory Judgment Act, declaring the conduct of Defendant HEATHER S. FRICK, personally and officially, as being unconstitutional;

   b. Enter an order for prospective injunctive relief to halt the illegal processes and procedures of Defendant HEATHER S. FRICK in violation of the United States Constitution;

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

    c.     Enter an order prospectively enjoining Defendant HEATHER S. FRICK, in both her official and personal capacities, from enforcing the NDA now and into the future;

    d.     Award compensatory, actual, nominal, and punitive damages against Defendant HEATHER S. FRICK for violation of the constitutional rights of Plaintiff ERIC OSTERGREN except has barred by proper invocation of the Eleventh Amendment to the United States Constitution;

    e.     Enter an order for an award of actual reasonable attorney fees and litigation expenses pursuant to 42 U.S.C. § 1988 and all other applicable laws, rules, or statutes; and

    f.     Enter an order for all such other relief the court deems equitable.

### JURY DEMANDED

59.     For all triable issues, a jury is demanded.

Date: February 24, 2019         RESPECTFULLY SUBMITTED:

                                          /s/ Philip L. Ellison
                                          OUTSIDE LEGAL COUNSEL PLC
                                          by PHILIP L. ELLISON (P74117)
                                          PO Box 107 · Hemlock, MI 48626
                                          (989) 642-0055
                                          (888) 398-7003 - fax
                                          pellison@olcplc.com
                                          Attorney for Plaintiff

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com